MATTER OF REDEKOP-REMPENING

In Exclusion Proceedings

A-14659217

*Decided by Board June 3, 1966*

A 22-year-old, single, applicant for admission for permanent residence, who intends to continue her studies in a college and who is the daughter of wealthy parents who do not desire that she work and have taken steps to insure her against the necessity of working, does not come within the proscription of section 212(a)(14) of the Immigration and Nationality Act, as amended by P.L. 89-236, and is admissible to the United States without a certification from the Secretary of Labor, notwithstanding any intent of employment *in futuro* upon eventual completion of her college education.

EXCLUDABLE: Act of 1952—Section 212(a)(14) [8 U.S.C. 1182(a)(14)]—Alien seeking to enter the United States to perform labor—without Secretary of Labor certification.

The case comes forward on appeal from the order of the special inquiry officer dated April 6, 1966 finding the applicant excludable on the grounds stated in the caption and certifying his decision to the Board.

The applicant, a native and citizen of Mexico, 22 years old, female, single, applied for entry into the United States on March 18, 1966, presenting an immigrant visa issued at the American Consulate, Juarez, Chihuahua, Mexico. The visa application shows her occupation to be that of secretary. In Item 34 of the visa application regarding exemption from ineligibility to receive a visa and exclusion under an unspecified section of the Immigration and Nationality Act there is a statement that the item is—"not applicable—no intention to work." The visa itself has typed on the face thereof that section 212(a)(14) is not applicable.

In connection with her application for admission to the United States, a sworn statement was taken from the applicant by an immigrant inspector on March 21, 1966. Both of her parents are citizens and residents of Mexico. The applicant appears to have entered the United States on October 1965 to receive a medical checkup from a

doctor in Phoenix, Arizona and then changed her status to that of a student about two weeks after her date of entry on October 11, 1965 to attend the Gregg Business College in Phoenix, Arizona. She stated that she had received offers of jobs but that she had sufficient funds to support herself, her father having deposited $5,000 in the bank for her in El Paso and she had a $300 deposit in Phoenix. When questioned as to whether her main objective in entering the United States at this time was for the purpose of obtaining employment as a secretary or in a business, she replied that she did not know if it really was because she still wanted to take some evening classes.

At the hearing the applicant was questioned further regarding her background and her intention in coming to the United States. She had graduated from high school in Buhler, Kansas and then returned to Mexico and was employed as a secretary by her father until October 1965. She stated that she loved accounting and enrolled in the Gregg School when she came here to visit a doctor, changing her status to that of a student, and that she intends to go to the University of Arizona at Phoenix, Arizona. The applicant stated that her main purpose in coming to the United States is to study, that she does not need to work because her parents are wealthy and her father has taken steps to insure her against the necessity of working. She stated that she probably would get a better job because of her superior qualifications after she obtained a degree from college. The applicant expressed some confusion regarding the sworn statement of March 21, 1966 explaining that the immigrant inspector's questioning conveyed to her the thought that she had to have a job to enter the United States.

The applicant's father also appeared as a witness. He is a person of considerable wealth and means in Mexico, and there is no need for his daughter to obtain employment because he is fully able to support her while she is in the United States. The father testified that in addition to 500,000 pesos in Mexico which is on deposit to her account and from which she draws interest, the applicant has assets consisting of three lots in Cuauhtemoc, Mexico, 1,600 square meters in each lot; one cattle ranch of 990 hectares equivalent to about 2,400 acres and the $5,000 on deposit and a checking account in the United States.

Section 212(a)(14) of the Immigration and Nationality Act, as amended by the Act of October 3, 1965, excludes aliens seeking to enter the United States for the purpose of performing skilled or unskilled labor, unless the Secretary of Labor has determined and certified to the Secretary of State and to the Attorney General that,

there are not sufficient workers in the United States to perform such skilled or unskilled labor, and the employment of such aliens will not adversely affect the wages and working conditions of workers in the United States similarly employed. This exclusionary section also applies to special immigrants defined in section 101(a)(27)(A) (other than specified relatives of United States citizens or of aliens lawfully admitted for permanent residence). This provision is applicable to immigrants who seek entrance in the United States for the primary purpose of gainful employment.[1]

The amended section 212(a)(14) represents a substantial departure from previously existing law. Previously the provisions of section 212(a)(14) operated only when the Secretary of Labor invoked them by certification which had the effect of excluding any intending immigrants, within the scope of the certification, who would likely displace a qualified American worker, or whose employment in the United States would adversely affect the wages and working conditions of workers similarly employed in the United States. This procedure was reversed under the amended Act. The responsibility was placed upon the intending immigrant to obtain the Secretary of Labor's clearance prior to issuance of a visa.[2]

The finding of inadmissibility of this applicant is based primarily upon her statement of March 21, 1966. It is noted that this statement did not advise the applicant of the provisions of section 212(a)(14) of the Immigration and Nationality Act, as amended by the Act of October 3, 1965. It is apparent to us that the applicant has been straight-forward and truthful in her answers and has not attempted to be evasive or dissembling. The statement appears to offer only a meager basis for exclusion because it is apparent in the statement that the applicant demurred when asked whether her main objective in entering the United States was for the purpose of obtaining employment as a secretary when she explained that she did not know that it was really so because she still wanted to take some evening classes. The applicant is the daughter of wealthy parents and does not require employment. She has expressed her intention of continuing her studies in a college and her father has stated he is well able to support her and that he does not desire that she work.

It is understood, of course, that anyone who obtains a college education in the United States will eventually obtain employment whether in this country or in her native country because of her

---

[1] Committee Print, Summary of Public Law 89-236, 89th Cong., 1st Sess., Pg. 5.

[2] House Report No. 745, 89th Cong., 1st Sess., Pg. 14.

higher qualifications. This intent of employment *in futuro* under the circumstances of this case is not a violation of section 212(a) (14) of the Immigration and Nationality Act. We find that the evidence on the basis of the facts in the case does not support inadmissibility and that the applicant has borne the burden of establishing her right to enter the United States under the visa she presents. The appeal will be sustained.

ORDER: It is ordered that the appeal be sustained and the applicant be admitted to the United States.