MATTER OF FULGENCIO

In Deportation Proceedings

A-21160869

*Decided by Board May 26, 1977*

(1) Respondent, who conceded deportability, filed an application for adjustment of status to that of a lawful permanent resident under section 245 of the Immigration and Nationality Act, claiming an exemption from the labor certification requirement of section 212(a)(14) of the Act on the ground that she would not be engaging in skilled and unskilled labor while in the United States.

(2) Respondent, who is 54 years of age, lived with her daughter and son-in-law in the United States who were both employed. They provided respondent with financial support. Respondent hoped to have her husband, who would be retired, join her in the United States at a subsequent time.

(3) Respondent is middle aged, and potentially employable for many years to come. It is unlikely that she will depend on her daughter and son-in-law for support while residing in the United States particularly after her husband joins her in the United States. On this record, it has not been established that respondent will not eventually obtain employment in the United States and circumvent the labor certification requirement. Since respondent has not satisfactorily established that she will not perform skilled or unskilled labor in the United States, she has not demonstrated that she is entitled to an exemption from the labor certification requirement. Since she has no labor certification and cannot establish exemption from that requirement, the section 245 application will be denied.

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Nonimmigrant visitor—remained longer.

ON BEHALF OF RESPONDENT:
Edwin R. Rubin, Esquire
Wasserman, Orlow, Ginsberg & Rubin
Suite 636, Public Ledger Building
Sixth and Chestnut Streets
Philadelphia, Pennsylvania 19106

ON BEHALF OF SERVICE:
George Indelicato
Appellate Trial Attorney

BY: Milhollan, Chairman; Maniatis, Appleman, and Maguire, Board Members

In a decision dated September 15, 1976, the immigration judge found the respondent deportable as charged, denied her application for adjustment of status under section 245 of the Immigration and Nationality

Act, and granted her the privilege of voluntary departure in lieu of deportation. The respondent appealed from that decision. The appeal will be dismissed.

The respondent is a 54-year-old female alien who is a native and citizen of Portugal. She was admitted to the United States on or about December 14, 1974, as a nonimmigrant visitor for pleasure. The respondent was authorized to remain in the United States until March 15, 1975. On April 20, 1976, following her failure to depart from the United States, she was permitted by the Immigration and Naturalization Service to depart voluntarily on or before May 20, 1976, without the issuance of an Order to Show Cause. The respondent failed to depart the United States.

An Order to Show Cause was issued against the respondent on August 12, 1976. She was charged under section 241(a)(2) of the Act. At her hearing before an immigration judge on September 9, 1976, the respondent, through counsel, admitted that she remained in the United States beyond the date authorized by the Service and conceded deportability. The immigration judge found the respondent deportable. We conclude that deportability was established by clear, convincing and unequivocal evidence.

At her hearing, the respondent filed an application for adjustment of status pursuant to section 245 of the Act. We note that, prior to her hearing, the respondent filed an Application for Status as Permanent Resident (Form I-485) with the Immigration and Naturalization Service on June 30, 1975. In a decision dated April 20, 1976, the District Director denied the respondent immigrant status in the nonpreference category. The respondent filed a motion to reconsider with the District Director on May 20, 1976. The District Director denied that motion in a decision dated July 8, 1976.

The respondent claims that she should be permitted to adjust her status to that of a lawful permanent resident alien without being required to obtain a labor certification. She contends that she is not performing skilled or unskilled labor in the United States and that, therefore, she is exempt from the labor certification requirement of section 212(a)(14) of the Act.

The record reveals that the respondent resides with her daughter and her son-in-law in the United States. Her daughter and son-in-law, who are lawful permanent residents, are both employed and presently provide financial support for her. The respondent's husband is 55 years old and resides in Portugal. He is employed in a cork factory.

The respondent stated at her hearing that about one month after she arrived in the United States she decided she wanted to remain in this country. She stated that she did not intend to work in the United States. The respondent also stated that periodically she cooks for her daugh-

231

ter's family, takes care of her grandchildren and does other household chores in her daughter's home on a voluntary basis. She indicated that she was not having marital problems and expressed the desire to eventually have her husband join her in the United States if that were possible. The respondent indicated that her husband will retire from his job in Portugal at some time in the future; that when he joins her in the United States he will be in a retirement status; and that her daughter and son-in-law will provide for their material needs.

8 C.F.R. 212.8(a) provides, in pertinent part, that the labor certification requirement of section 212(a)(14) of the Act shall not be applicable to an applicant for admission to the United States or to an applicant for adjustment of status under section 245 who establishes that he will not perform skilled or unskilled labor.

The respondent seeks an immigrant visa in the nonpreference category. A labor certification is ordinarily required for such a visa. The Congressional purpose of this requirement is to protect the American labor market.[1] We are not convinced by the respondent's evidence that she or her husband or both of them would not eventually obtain jobs in the United States. The respondent and her husband are middle aged persons who are potentially employable for years to come. It appears unlikely that they would depend on their daughter and son-in-law, a family of modest means, for total and permanent economic support while residing in the United States.

In his order, the immigration judge relied upon the decision in *Matter of Wang*, Interim Decision 2404 (R.C. 1975), to support his decision in this case. The facts in *Matter of Wang*, *supra* related to a 36-year-old native of China and resident of Hong Kong who applied for adjustment of status for herself and her child as nonpreference immigrants. In that case, the adult applicant claimed that because of her financial status it was not necessary for her to work in the United States and therefore she was exempt from the labor certification requirement of section 212(a)(14) of the Act. The husband and father of the applicants, a native of China, resided and worked in Hong Kong and provided total economic support for them. The Regional Commissioner held that:

> It, therefore, appears to be most inappropriate to favorably consider an application such as we have from the adult applicant. The adjustment of the adult applicant without requiring a labor certification after which she would be in position to accomplish the a dmission of her to-be-employed husband as a second preference relative, also without a labor certification, is seen by us to be a transparent attempt to circumvent the protection which Congress sought to confer on American workers through the labor certification requirement of Section 212(a)(14) of the Act.
>
> It is our conclusion that the applications should be denied in the exercise of the Attorney General's discretion on the ground that the adult alien's application is clearly an attempt to circumvent the intent of section 212(a)(14) of the Act.

[1] See H.R. Rep. No. 745 (p. 14), S. Rep. No. 748 (p. 15), 89th Cong., 1st Sess. (1965).

The respondent argues that the immigration judge's reliance on *Matter of Wang, supra,* is incorrect as a matter of law and inappropriate on the facts.

We find that there are clearly factual differences between the cited case and the case that is before us now. Although *Matter of Wang* is factually distinguishable from the instant case, it is apparent that in *Matter of Wang* the Regional Commissioner correctly expressed the Congressional intent with respect to the labor certification requirement and properly applied the statute in order to give full effect to that intent. What is common to both cases is a situation which could lead to the circumvention of the requirements of labor certification as provided in section 212(a)(14) of the Act.

We conclude that the respondent has not established to our satisfaction that she and her husband will not perform skilled or unskilled labor in the United States. Hence, she has not demonstrated that she is entitled to an exemption from the labor certification requirement. Further, the respondent has not shown that she is in possession of a valid labor certification. Therefore, we conclude that she has not presented prima facie evidence to establish statutory eligibility under section 245 of the Act. Accordingly, the appeal will be dismissed.

ORDER: The appeal is dismissed.

FURTHER ORDER: Pursuant to the immigration judge's order, the respondent is permitted to depart from the United States voluntarily within 30 days from the date of this order or any extension beyond that time as may be granted by the District Director; and in the event of her failure to depart, the respondent shall be deported as provided in the immigration judge's order.