MATTER OF EISEN

In Section 245 Proceedings

A-21126099

*Decided by Commissioner June 29, 1979*

(1) There is a presumption that an applicant for adjustment of status under section 245 of the Immigration and Nationality Act, 8 U.S.C. 1254, as a nonpreference immigrant will engage in employment after adjustment where the applicant is of an age or physical condition which would not preclude working.

(2) An applicant who claims exemption from the labor certification requirement of section 212(a)(14) of the Act, 8 U.S.C. 1182(a)(14), on the ground that he/she will not engage in employment has the burden of establishing that he/she does not intend to enter the labor market in the United States and will not have to seek employment in the foreseeable future.

ON BEHALF OF APPLICANT: Daniel Retter, Esquire
801 Dade Federal Building
101 East Flagler Street
Miami, Florida 33131

This matter is before the Commissioner on certification, for review of the Regional Commissioner's decision affirming the District Director's approval of the application.

The applicant is a native and citizen of Colombia, now 26 years of age, who last arrived in the United States on July 10, 1977, when he was admitted as a nonimmigrant "F" student. On January 26, 1978, he filed this application with the District Director for adjustment of status to permanent resident as a nonpreference immigrant. His application was not supported by the labor certification required under section 212(a)(14) of the Immigration and Nationality Act, 8 U.S.C. 1182(a)(14), of nonpreference immigrants "seeking to enter the United States for the purpose of performing skilled or unskilled labor." He alleged that that section of law was not applicable to him because he was and would continue to be a full-time student, has no present intention of engaging in gainful employment, and had on deposit in the United States over $250,000, which would provide an adequate income for his support. The District Director approved the application and

certified his decision to the Regional Commissioner.

The Regional Commissioner reversed the District Director and denied the application, reasoning that the applicant would be of an employable age for many years and that there was a presumption he would ultimately engage in employment. It was found that he had not refuted that presumption and was, therefore, ineligible for adjustment without a labor certification.

Counsel filed a motion to reopen and reconsider the denial of the application, pointing out that the Regional Commissioner had not considered the precedent decision of the Board of Immigration Appeals in *Matter of Redekop-Rempening*, 11 I&N Dec. 674 (BIA 1966). The motion was granted, argument was held, and the Regional Commissioner withdrew his earlier order and approved the application, citing not only *Redekop-Rempening*, but also *Matter of Hoeft*, 12 I&N Dec. 182 (BIA 1966, 1967). He certified his decision here for review.

In *Redekop-Rempening*, the alien was 22 years of age and single, and an applicant for admission to the United States as an immigrant. Her visa had been issued without a labor certification on a finding that she had no intention to work in the United States. She alleged that her main purpose in coming here was to study, that her parents were very wealthy and would support her, and that she, therefore, did not need to work. She did state that after she obtained her degree from college, she probably would get a better job because of her superior qualifications then. In ordering her admission, the Board found,

> This intent of employment *in futuro* under the circumstances of this case is not a violation of section 212(a)(14) of the Immigration and Nationality Act. We find that the evidence on the basis of the facts in this case does not support inadmissibility and that the applicant has borne the burden of establishing her right to enter the United States under the visa she presents.

In *Hoeft*, the Board found that the test as to who need not obtain a labor certification is that the (nonpreference) immigrant's purpose in coming will not immediately require employment. Citing *Redekop-Rempening*, it observed:

> Where employment, if taken, will only be after a bona fide period of preparation, as in the case of one who has come to the United States to study, a certification will normally not be needed when the alien applies to enter as a student.

(The alien in *Hoeft* was found to require a labor certification since she was engaged in labor.)

It is apparent that the Board, in enunciating the above criteria, had in mind the particular facts in *Redekop-Rempening*. The alien in that case had the specific intention of immediately attending school but only an imprecise and speculative objective of being gainfully employed in the future. "She stated that she probably would get a better job because of her superior qualifications after she obtained a degree

from college." She obviously had no particular occupation in mind.

In any event, the Board had occasion to address these issues in cases it decided later. *Matter of Fulgencio*, 16 I&N Dec. 230 (BIA 1977), involved a 54-year-old female alien who applied for adjustment as a nonpreference immigrant, alleging exemption from the labor certification requirement because she was not performing skilled or unskilled labor in the United States and did not intend to work here. She stated that she was living with and received financial support from her daughter and son-in-law, who would continue to provide for her needs and those of her husband when he joined her in this country. In concluding that she had not established that she and her husband would not perform skilled or unskilled labor here, the Board stated,

We are not convinced by the respondent's evidence that she or her husband or both of them would not *eventually* obtain jobs in the United States. The respondent and her husband are middle aged persons *who are potentially employable for years to come.* (Emphasis supplied.)

*Matter of Tausinga*, 16 I&N Dec. 758 (BIA 1979), pertained to a 56-year-old widow who applied for adjustment as a nonpreference immigrant exempt from the labor certification requirement as one not entering for the purpose of performing skilled or unskilled labor. She indicated that her son and daughter-in-law were providing virtually all of her support. The immigration judge concluded that she had failed to meet her burden of establishing that she would not perform skilled or unskilled labor in the United States, on a finding that she was in good health and potentially employable. He cited *Matter of Fulgencio, supra.* Commenting on the applicant's appeal that *Fulgencio* was inapplicable, the Board made the following observations in dismissing the appeal:

The fact that the respondent in *Fulgencio* was married was a consideration in the resolution of that case. Of more significance, however, was the fact that the respondent therein failed to establish that she would not obtain employment in the United States. That showing was essential because an alien, such as that respondent, who seeks to avoid the labor certification requirements of section 212(a)(14) of the Act, must establish that she does not intend to enter the labor market in the United States and that she will not have to seek employment *in the foreseeable future.* The respondent herein bears this same burden as she wishes to attain lawful permanent resident status without issuance of a labor certification.

An aged, handicapped, or otherwise dependent relative who is the member of the household of a United States citizen or a lawful permanent resident *may* be able to establish exemption from the requirements of section 212(a)(14) of the Act. Relevant evidence in such cases includes matters regarding the respondent's age and health, her own financial status or that of the family that will support her, and the closeness and length of the familial relationships involved. Where a person is of an age or physical condition which would not preclude working, however, there is a presumption that employment will occur and the burden will be on the respondent to overcome this presumption.

If the immigration judge here had been satisfied that this respondent had established that she did not intend and would not be obliged to seek employment in this country in the foreseeable future, then he would have been correct, and yet consistent with *Fulgencio* in holding her to be exempt from the labor certification requirements of section 212(a)(14) of the Act. On this record, however, the objective indications are the other way. (Emphasis supplied.)

The applicant in the present case has testified that he is currently in medical school and that he will, under no circumstances, join the labor force or be gainfully employed in competition with any United States worker, that to the contrary, he intends to complete school and specialize, which will require a period of at least another 5 years of study, and that he will, therefore, under no circumstances or in any situation be gainfully employed for at least 5 years.

It would not be realistic to assert that a medical student with ambition to achieve status as a medical specialist does not intend eventually to practice his profession. Indeed, the applicant here does not deny that that is precisely what he will do when he completes his training. Parenthetically, medical residencies, which are the usual prerequisite training for specialization, are themselves salaried positions for which American physicians compete.

The fact that an applicant, as here, has a substantial amount of money available for his support is one item to be considered in determining whether he will engage in skilled or unskilled labor. It will not overcome the presumption present here that a young student preparing himself for the medical profession will in the foreseeable future engage in employment. The applicant has not demonstrated that he is entitled to an exemption from the labor certification, and since he lacks such certification, he is ineligible for adjustment. His application, accordingly, will be denied.

ORDER: The Regional Commissioner's decision of January 19, 1979, is withdrawn.

FURTHER ORDER: The application for adjustment of status is denied.